UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEPHEN BARRETT,

    Plaintiff,

– against –

ARMOR CORRECTIONAL HEALTH, INC.,

    Defendant.
----------------------------------X

ORDER
13-CV-1063 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Stephen Barrett ("plaintiff") commenced this action against Armor Correctional Health, Inc. ("defendant") on February 27, 2013, alleging that defendant violated his Eighth and Fourteenth Amendment rights by administering deficient medical treatment at the Nassau County Correctional Center. On August 8, 2013, defendant moved to dismiss the complaint. Plaintiff did not submit an opposition to the motion.

On October 21, 2013, the Court referred defendant's motion to dismiss to Magistrate Judge William D. Wall for a Report and Recommendation ("R&R"). The Court mailed plaintiff a copy of this order; however, the order was returned to the Court as undeliverable. On March 5, 2014, Magistrate Judge Wall issued the R&R, recommending that the motion to dismiss be granted, and that plaintiff be granted leave to amend his complaint. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, at 9.) The same paragraph noted that a copy of the R&R was mailed to plaintiff. (*Id.*) On March 14, 2014, the copy of the R&R that was mailed to plaintiff was returned to the Court with the notation that plaintiff has been discharged. (*See* ECF No. 22.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.

Where there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, the district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has not objected to the R&R, and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.

IT IS HEREBY ORDERED that defendant's motion to dismiss is granted, and plaintiff is granted leave to amend the complaint to include allegations that address the deficiencies in the complaint that the R&R has identified. **Plaintiff's failure to amend the complaint by April 21, 2014, will result in the dismissal of plaintiff's case with prejudice for failure to prosecute.**

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2014
Central Islip